IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| FRANK R. OWENS,<br><br>    Plaintiff,<br><br>vs.<br><br>VERLYN ISACC, JEAN EVEN, C/O<br>PHILLIP, MICK BICKFORD,<br>WILLIAM SOUPENE.<br><br>    Defendants. | No. C06-0016-EJM<br><br>INITIAL REVIEW ORDER |

   This matter is before the court on plaintiff's application to proceed in forma pauperis and application for appointment of counsel, filed January 25, 2006, his March 15, 2006 request to file an amended complaint, his April 24, 2006 motion to issue an initial review order, his June 6, 2006 motion for leave to file an amended complaint and motion for a preliminary injunction, and his June 8, 2006 supplement to the motion for a preliminary injunction. Application to proceed in forma pauperis denied, application to amend complaint granted, motion to issue initial review order granted, motion for preliminary injunction denied, dismissed.

   Plaintiff brings this action pursuant to 42 USC §1983 seeking damages for the alleged deprivation of his constitutional rights. With respect to the March 15, 2006 request to file an amended complaint, the April 24, 2006 motion to issue an initial review order, and the June 6, 2006 motion for leave to file an amended complaint, the court deems it appropriate to permit the plaintiff to amend his complaint and to conduct its initial review of the plaintiff's amended complaint. As to his June 6, 2006 motion for a preliminary injunction and June 8, 2006 supplement to the motion for a preliminary injunction, the court, having

considered the plaintiff's contentions and the applicable authority, including Rule 65(a) of the Federal Rules of Civil Procedure, concludes that it is not appropriate to grant a preliminary injunction. With regard to plaintiff's application for appointment of counsel, the court does not believe the appointment of counsel is warranted in light of the claims presented and because indigent litigants enjoy neither a statutory nor a constitutional right to have counsel appointed in a civil case, *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985).

During the course of his confinement in Iowa, plaintiff has filed multiple actions pursuant to 42 U.S.C. § 1983. In the Southern District of Iowa, plaintiff filed twelve civil actions and multiple appeals. In the Northern District of Iowa, plaintiff filed three civil actions. Among those actions and appeals, several constituted a "strike" for purposes of 28 U.S.C. § 1915(g). In *Owens, et al. v. Jorgensen*, No. 4:05-cv-00130-REL (S.D. Iowa 2005), and *Owens v. Ingram*, 4:05-cv-00202-JEG (N.D. Iowa 2005) the U.S. District Court for the Southern District of Iowa informed the plaintiff that the dismissal and any appeal if affirmed as frivolous would count against him for purposes of the three-dismissal rule in 28 U.S.C. § 1915(g). Plaintiff elected to file an appeal in *Owens v. Ingram*, 4:05-cv-00202-JEG (N.D. Iowa 2005), and the Eighth Circuit Court of Appeals summarily affirmed pursuant to Rule 47A(a).

In 1996, Congress enacted the Prisoner Litigation Reform Act to deter frivolous prisoner litigation. *Lyon v. Vande Krol*, 127 F.3d 763, 764 (8th Cir. 1997). The Prisoner Litigation Reform Act requires all prisoners to pay the filing fee for civil cases and differentiates among prisoners on method of payment. *See* 28 U.S.C. § 1914(a) (requiring filing fee); 28 U.S.C. § 1915 (explaining proceedings in forma pauperis). Prisoners who have not had three prior cases dismissed as frivolous need only pay a percentage of the fee at the outset and the remainder over time. 28 U.S.C. § 1915(b)(1)-(4). Such litigants will not be barred from pursuing a claim by inability to make the initial required partial payment. *Id*. In contrast, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, states:

2

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"The statute's bar does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding in forma pauperis." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Prior to filing the instant action, plaintiff filed at least three frivolous actions or appeals. *See* 28 U.S.C. § 1915(g). In addition, it is clear from plaintiff's amended complaint that he is not under imminent danger of serious physical injury. *Id.* Accordingly, plaintiff's application to proceed in forma pauperis shall be denied, and this action shall be dismissed. The Clerk of Court shall file the amended complaint for the purpose of making a record.[1]

It is therefore

ORDERED

1) Motion to amend complaint granted.

2) Motion to issue an initial review order granted.

3) Motion for appointment of counsel denied.

3) Motion for a preliminary injunction denied.

4) Application to proceed in forma pauperis denied.

5) Dismissed.

---

[1] The court notes that a review of plaintiff's amended complaint reveals that his action is frivolous or malicious or fails to state a claim a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A.

6) The Clerk of Court is directed to file the amended complaint for the purpose of making a record.

June 20, 2006.

                                    Edward J. McManus, Judge
                                    UNITED STATES DISTRICT COURT