# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

FRANK OWENS,

        Plaintiff,

vs.

ISAAC, et al.,

        Defendants.

No. C06-0016

**REPORT AND RECOMMENDATION**

_____

       This matter comes before the court pursuant to the plaintiff's motion for a preliminary injunction and motion for appointment of counsel (docket number 24). This matter was referred to the undersigned United States Magistrate Judge for the issuance of a report and recommendation. The court recommends that the motion be denied.

       This case was commenced as an action against five employees of the Anamosa State Penitentiary in Anamosa, Iowa. The plaintiff alleged that the refusal to place him in protective custody violated his Eighth Amendment right to be free from the threat of violence and sexual assault by fellow inmates. The complaint further alleged violations of his right to be free from unreasonable searches of his legal materials. He finally claimed that one of the defendants had falsified disciplinary notices against him.

       On June 20, 2006, Judge McManus dismissed this case pursuant to 28 U.S.C. § 1915(g) as a violation of the so-called "three strikes" provision that denies in forma pauperis status to prisoners who have filed three frivolous, malicious, or meritless claims "unless the prisoner is under imminent danger of serious physical injury." Plaintiff's motions to reconsider and amend the judgment were denied on July 13, 2006, as was the plaintiff's application for leave to appeal in forma pauperis.

On October 18, 2006, an attorney working for the plaintiff on another matter filed the application for a preliminary injunction. In the motion, the attorney alleges that plaintiff fears for his life because he has been ordered by a Lt. Kevin Hageman to not speak with a correctional officer named Mary Lee Giegerich.

> Mr. Owens has informed [his attorney] that he fears for his life because he cannot communicate with Mary Lee Giegerich. Mr. Owens has not identified any specific threat posed directly by Ms. Giegerich. Rather, he believes that a future harm likely will occur if he cannot communicate with her.

(Plaintiff's Motion at 2.)

The application for a preliminary injunction and motion for appointment of counsel should be denied. First, the defendants sought to be enjoined are not defendants in this case. Second, the plaintiff has not filed a verified complaint or affidavit in support of the motion. Third, the plaintiff has not identified any specific threat. Fourth, the plaintiff has not alleged that he is in imminent physical danger. Fifth, the plaintiff has not alleged why an inability to speak with a particular female correctional officer poses a risk to his safety. Finally, the plaintiff has no Constitutional right to communicate with any particular female guard.

The court respects and commends plaintiff's attorney for his concern. The court, however, sits to hear cases or controversies. This matter, as currently framed, is not cognizable. The court recommends that counsel for plaintiff send the plaintiff's concerns in a letter addressed to the Warden, sent by certified mail.

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[1] to the Report and Recommendation within ten (10) days of the date of the

---

[1]Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.

report and recommendation, that the plaintiff's motion for a preliminary injunction and motion for appointment of counsel be denied.

November 1, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT