IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| FRANK R. OWENS, | |
| Plaintiff, | No. C06-0016 |
| vs. | ORDER DENYING MOTIONS TO COMPEL DISCOVERY |
| VERLYN ISAAC, et al., | |
| Defendants. | |

This matter comes before the Court on the Motion for Order Compelling Discovery (docket number 63) filed by the Plaintiff on January 14, 2008, and the Motion for Order Compelling Discovery (docket number 64) filed by the Plaintiff on January 17, 2008. Pursuant to Local Rule 7.c, the Motions will be decided without oral argument.

In his respective Motions for Order Compelling Discovery, Plaintiff Frank R. Owens argues that the Defendants have failed to "adequately respond to the Plaintiff's discovery requests." Initially, the Court notes that the Motions fail to comply with Local Rule 37.b, which provides that "[a] party filing a motion objecting to a discovery request or to the sufficiency of a response to a discovery request must attach to the motion a copy of the disputed request and any response." Nonetheless, Defendants have provided the Court with copies of the requested discovery and their response.[1]

On December 12, 2007, Plaintiff mailed to Defendants a Request for Production of Documents ("First Request"), consisting of six paragraphs.[2] Two days later, on

---

[1] *See* Brief in Support of Defendants' Resistance to Motions to Compel (docket number 65-2), Exhibits A-C, at 7-14.

[2] *See* Brief in Support of Defendants' Resistance to Motions to Compel (docket number 65-2), Exhibit A, at 7-9.

1

December 14, 2007, Plaintiff mailed a Request for Production of Documents ("Second Request"), consisting of three paragraphs.[3] Defendants responded to both requests in a combined Response to Request for Production ("Defendants' Response"), mailed January 10, 2008.[4]

On January 11, 2008, Plaintiff mailed to the Clerk of Court his first Motion for Order Compelling Discovery ("First Motion") (docket number 63). The Motion refers to discovery requests served by Plaintiff on November 1, 2007. The discovery requests were not attached to the Motion, however, and Defendants flatly deny that any discovery was served by Plaintiff on that date. As set forth above, Defendants mailed their response to Plaintiff's discovery requests on January 10, 2008, and it was presumably received by Plaintiff shortly after that time. On January 16, 2008, Plaintiff mailed to the Clerk of Court his second Motion for Order Compelling Discovery ("Second Motion") (docket number 64). Plaintiff's Second Motion refers to discovery requests served on December 13, 2007, and refers to Defendants' response "on or about January 14, 2008." Again, the requested discovery was not attached to Plaintiff's Second Motion, but the attachment to the Motion (styled Plaintiff Second Request For Production Of Documents) suggests that it is in reference to Plaintiff's Second Request for Production of Documents.

The Second Request for Production of Documents was dated December 13, 2007, and mailed on December 14, 2007.[5] As noted by Defendants, Plaintiff's First Motion for Order Compelling Discovery was premature. Defendants' responses to the discovery

---

[3] *See* Brief in Support of Defendants' Resistance to Motions to Compel (docket number 65-2), Exhibit B, at 10-11.

[4] *See* Brief in Support of Defendants' Resistance to Motions to Compel (docket number 65-2), Exhibit C, at 12-14.

[5] *See* Brief in Support of Defendants' Resistance to Motions to Compel (docket number 65-2), Exhibit B.

requests were not due until January 14, 2008, and January 16, 2008, respectively.[6] Plaintiffs's First Motion was dated January 7, 2008, mailed on January 11, 2008, and filed on January 14, 2008.

In their Brief filed in support of their Resistance to the instant Motions to Compel, Defendants assert that they provided Plaintiff with all of the information requested in the First Request for Production of Documents. Regarding the Second Request for Production of Documents, Defendants state that they provided Plaintiff with all of the information which could be found. Defendants claim, however, that "a search by the records personnel at the Iowa State Penitentiary failed to find a disciplinary notice authored by Anderson in 2002." That information is the subject of Plaintiff's Second Request for Production of Documents and, apparently, is the basis for his complaint in his Second Motion for Order Compelling Discovery.[7]

While it is somewhat confusing to wade through the parties' various requests, resistances, and replies, it would appear that the issue remaining in dispute relates to documents surrounding a disciplinary action taken against Plaintiff in 2002. Plaintiff's Request for Production of Documents dated December 13, 2007, which was mailed on December 14, 2007, requests copies of the "Disciplinary Notice" written by Lt Arthur Anderson in 2002 and a copy of the "hearing decision" issued by the Administrative Law Judge.[8] In response to that Request, Defendants stated:

---

[6] *See* FEDERAL RULES OF CIVIL PROCEDURE 34(b)(2)(A) and 6(d).

[7] As previously indicated, the Second Motion for Order Compelling Discovery is imprecise in this regard, but the attachment refers to a disciplinary report authored by Lieutenant Arthur Anderson. In a Reply to Defendants' Resistance (docket number 66), Plaintiff states that the disciplinary notice preceded a lawsuit which Plaintiff filed against Mr. Anderson arising out of the same incident. Attached to Plaintiff's Reply is another Request for Production of Documents (docket number 66-2), advising Defendants regarding where the documents can be found.

[8] *See* Brief in Support of Defendants' Resistance to Motions to Compel (docket number 65-2), Exhibit B, at 10.

> In response to the first request for production of documents dated December 13, 2007, this request is objected to on the grounds that it is overly broad or unduly vague. Additionally, it does not appear that any documents satisfy this request. If Plaintiff Owens has a specific hearing number or date, prison officials will attempt to locate the particular disciplinary documents Owens is requesting. Additionally, Defendants refer the Plaintiff to the attached disciplinary reports from 2002 for Plaintiff Owens.

See Brief in Support of Defendants' Resistance to Motions to Compel (docket number 65-2), Exhibit C, at 12.

In his Reply to Defendants' Resistance (docket number 66), Plaintiff provides additional information regarding his Request. Specifically, Plaintiff states that "Some time in 2001 or 2002 Mr. Arthur Andersen filed a disciplinary Notice against Mr. Owens because Owens had refused to move to the lower unit of unit 219."[9] According to Plaintiff, the Disciplinary Report was dismissed and he subsequently filed a lawsuit against Mr. Anderson. Plaintiff asserts that the documents can be found in that lawsuit. In his attached third Request for Production of Documents, Plaintiff also states that Attorney Rockne Cole has copies.[10]

The Court concludes that it cannot compel Defendants to produce documents which they claim they do not possess. According to Defendants' Response to Plaintiff's Request for Production, "it does not appear that any documents satisfy this request." Accordingly, the Court finds that the Motions to Compel should be denied. It would appear, however, that Plaintiff can obtain the documents from the Clerk of Court or from his prior counsel.

---

[9] See Reply to Defendants' Resistance to Plaintiff's Motion to Compel (docket number 66) at 1.

[10] See Request for Production of Documents (docket number 66-2).

## ORDER

IT IS THEREFORE ORDERED that the Motions for Order Compelling Discovery (docket numbers 63 and 64) are hereby **DENIED**.

DATED this 4th day of February, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA