IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| FRANK R. OWENS,<br><br>   Plaintiff,<br><br>vs.<br><br>VERLYN ISAAC, et al.,<br><br>   Defendants. | No. C06-0016<br><br>ORDER REGARDING RULE 35<br>EXAMINATION |

This matter comes before the Court on the Motion to See a Doctor (docket number 75) filed by the Plaintiff pro se on March 17, 2008. Pursuant to Local Rule 7.c, the Motion will be decided without oral argument.

### *RELEVANT FACTS*

Plaintiff Frank R. Owens is an inmate at the Iowa State Penitentiary in Fort Madison, Iowa. On January 25, 2006, Plaintiff filed a Complaint (docket number 1-2), alleging entitlement to recover pursuant to 42 U.S.C. § 1983. At that time, Plaintiff was an inmate at the State Reformatory in Anamosa, Iowa. Plaintiff claimed that his constitutional rights were violated by not placing him in protective custody, not allowing access to his "legal papers," and forcing him to take a cold shower. In subsequent amendments, Plaintiff added additional claims. On June 20, 2006, however, the Court ordered that the Complaint be dismissed, finding that Plaintiff had filed at least three prior frivolous actions or appeals. The Eighth Circuit Court of Appeals subsequently reversed and remanded, finding that the three-strikes determination was erroneous.

1

On September 20, 2007, Plaintiff filed an Amended Complaint (docket number 37), identifying twenty-one counts. The Court entered an Order directing the Defendants to respond. Before a response could be filed, however, Plaintiff filed a Second Amended Complaint (docket number 40). Defendants filed their Answer (docket number 48) on November 20, 2007.

On March 17, 2008, Plaintiff filed the instant Motion, requesting that he "see a doctor in Iowa City IA." According to the Motion, "On October 14, 2006, Defendants Decker and Clark used excessive force against Mr. Owens causing Pain to Owens back."

## DISCUSSION

FEDERAL RULE OF CIVIL PROCEDURE 35(a)(1) provides that the court may order a party whose physical condition is in controversy to "submit" to a physical examination by an appropriate examiner. Generally, Rule 35 is invoked by a defendant to force a plaintiff to submit to examination by a medical examiner selected by defendant. In this case, however, Plaintiff invokes Rule 35 for the proposition that he should be delivered to Iowa City for examination by an unspecified doctor, presumably at the expense of Defendants or the State of Iowa.

On March 26, 2008, Defendants filed a Motion for Summary Judgment (docket number 77).[1] *If* Defendants prevail on their Motion for Summary Judgment, then the extent of the injuries, if any, sustained by Plaintiff in the October 14, 2006, incident is irrelevant. On the other hand, *if* the Court denies Defendants' Motion for Summary Judgment, then Plaintiff's physical condition "is in controversy" and a medical examination may be appropriate.

In their Brief, Defendants state that if the action is not summarily dismissed, then they have no objection to an examination at Plaintiff's expense.

---

[1] Generally, the deadline for Plaintiff responding to the Motion for Summary Judgment would be April 21, 2008. Pursuant to Plaintiff's Motion to Extend Time (docket number 81), however, the Court has granted a thirty-day extension. Accordingly, the deadline for Plaintiff's response is now May 21, 2008.

2

> If the excessive force claim survives the motion for summary judgment, the Defendants have no objection to the physical examination as long as Owens bears the cost of both the medical examination and security to transport him to wherever the examination would take place, not the State of Iowa or Defendants.

Brief in Support of Defendants' Resistance to Motion for Physical Examination (docket number 80-2).

The Court can find no authority which requires the Defendants to pay for a medical examination requested by an inmate to support a civil claim brought under Section 1983. That is, Plaintiff has a right to pursue his claims under Section 1983, which may include a physical examination. Defendants are not required, however, to bear the expense of that examination.

Therefore, the Court concludes that the Motion to See A Doctor (docket number 75) filed by Plaintiff should be denied pending a resolution of Defendant's Motion for Summary Judgment. If the Motion for Summary Judgment is denied, then Plaintiff may renew his Motion for a Medical Examination in support of his Section 1983 claims. Such an examination would be at Plaintiff's expense.

The Court wishes to make it clear that the Rule 35 examination discussed above is for purposes of determining Plaintiff's current physical condition and the extent of injuries, if any, he suffered in the October 14, 2006, incident. Just as with all inmates, however, the State of Iowa has an ongoing obligation to provide Plaintiff with appropriate medical care.[2]

---

[2] In their Brief and supporting Affidavit, Defendants assert that Plaintiff is provided with appropriate medical attention. In addition, the Court notes that the Motion to Extend Time (docket number 81) filed by Plaintiff, dated April 2, 2008, indicates that he "is in the hospital."

## *ORDER*

IT IS THEREFORE ORDERED that the Motion to See A Doctor (docket number 75) filed by the Plaintiff pro se on March 17, 2008, is hereby **DENIED** without prejudice.

DATED this 7th day of April, 2008.

                                           _____
                                           JON STUART SCOLES
                                           United States Magistrate Judge
                                           NORTHERN DISTRICT OF IOWA