IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

FRANK R. OWENS,                          )
                                         )
                    Plaintiff,           )        No.  C06-16 EJM
                                         )
        vs.                              )
                                         )
VERLYN ISAAC, et al.,                    )        ORDER
                                         )
                    Defendants.          )
-------------------------------------------------------------- )
FRANK OWENS,                             )
                    Plaintiff,           )        No.  C06-172 EJM
                                         )
        vs.                              )
                                         )
KEVIN HAGEMANN, et al.,                  )
                                         )
                    Defendants.          )

        This matter is before the court on defendants' resisted Motion for Summary

Judgment, filed March 26, 2008.  Granted.

        On November 28, 2007, the court set forth the nature of plaintiff's claims.

Defendants now seek summary judgment.  In support, defendants assert 1) plaintiff's

claims are barred by 42 USC §1997(e) due to failure to exhaust administrative

remedies, except as to retaliatory transfer claims and certain disciplinary claims; 2)

claims regarding prison disciplinary matters are barred by the "favorable

determination" rule of Heck v. Humphrey, 512 US 477, 486-487 (1994); 3) the force

used against plaintiff on October 14, 2006 was situation appropriate and not a

violation of constitutional rights; 4) plaintiff's legal mail claims fail both as to

insufficiency of pleadings and on the merits; 5) plaintiff has not suffered a cognizable injury for an access to the courts claim; 6) plaintiff's constitutional rights were not violated by being escorted to the shower by female guards; 7) failure to allege physical injury precludes damage for mental or emotional injuries with exception as to Count 10; 8) defendants are entitled to qualified immunity and therefore immune from claims for monetary damages; and 9) search of legal materials outside of plaintiff's presence is constitutional as reasonably related to legitimate penological objectives.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences.  Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir. 1986).  However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.  Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984).  The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial.  Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F.2d 65, 68 (8th Cir. 1990).

42 USC §1997(e) requires plaintiff to exhaust administrative remedies as to his §1983 claims.   Defendants assert that plaintiff has failed to exhaust administrative remedies, and therefore he is precluded from bringing this action as

to any claims with the exception of the retaliatory transfer claim, and certain prison disciplinary claims. It appears undisputed that plaintiff failed to exhaust administrative remedies as to all claims excluding prison disciplinary claims and retaliatory transfer, and therefore the motion shall be granted as to those claims. 42 USC §1997(e).

Turning to plaintiff's prison disciplinary claims, to the extent he challenges prison disciplinary matters where the loss of good time credits was involved, he is precluded from filing an action under 42 USC §1983 until the conclusion of a successful habeas action on those matters, which has not been alleged here. Heck v. Humphrey, 512 US 477, 486-487 (1994). As to plaintiff's remaining claims involving allegations of retaliatory action including alleged retaliatory transfer, it is the court's view that apart from conclusory allegations, plaintiff has failed to come forward with disputed issues of material fact precluding summary judgment.

Due to the court's disposition of this matter, the court need not address defendant's remaining contentions.

It is therefore

ORDERED

Granted.

December 5, 2008.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT